| | |
|---|---|
| | PROPERTY DAMAGE |
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF MARSHALL | NINTH JUDICIAL DISTRICT |

Michael Johnson and Stephanie Johnson,

    Plaintiffs,

vs.                                                         COMPLAINT

Broan Nutone, LLC,

    Defendant.

Plaintiffs' Complaint against Defendant, states and alleges as follows:

**1.**

At all times material herein, Plaintiffs Michael Johnson and Stephanie Johnson were owners of the residence located at 45557 306th Ave NE, Gatzke, County of Marshall, State of Minnesota 56724 ("the Residence").

**2.**

Upon information and belief, at all times material herein, Defendant Broan-Nutone LLC ("Broan") was a limited liability company incorporated under the laws of the State of Wisconsin, with its principle place of business in Hartford, Wisconsin and its registered agent as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

**3.**

At all times material herein, Broan was, among other things, in the business of designing, testing, manufacturing, distributing, and selling bathroom fans in the State of Minnesota.

**EXHIBIT B**

**4.**

Some time prior to May 30, 2020, a Broan brand bathroom fan (hereinafter "the Fan") was installed at the Residence. Upon information and belief, the Fan was manufactured and/or distributed in Minnesota by Broan.

**5.**

On May 30, 2020, the Fan failed, igniting a fire in the bathroom of the Residence.

**6.**

As a direct and proximate result of the fire referenced in Paragraph 5 above, the Residence sustained severe damage to its structure and contents, which required Plaintiffs to incur significant expenses for alternative living arrangements while the Residence was under repair due to the damages caused by the fire.

## COUNT ONE: NEGLIGENCE

**7.**

Plaintiffs reallege Paragraphs 1 through 6 above.

**8.**

Broan negligently designed, manufactured, constructed, assembled, and/or packaged the Fan, which directly and proximately caused the damages to the Property.

**9.**

As a direct and proximate result of Broan's negligence, Plaintiffs suffered damages in an amount in excess of $50,000.00.

## COUNT TWO: FAILURE TO WARN

**10.**

Plaintiffs realleges Paragraphs 1 through 9 above.

4

**11.**

Broan negligently failed to warn Plaintiffs of the defects or risks that it knew or should have known were present with the Fan.

**12.**

As a direct and proximate result of Broan's failure to warn, Plaintiffs suffered damages in an amount in excess of $50,000.00.

## COUNT THREE: STRICT LIABILITY

**13.**

Plaintiffs reallege Paragraph 1 through 12 above.

**14.**

The Fan was in a defective and unreasonably dangerous condition when it left the control of Broan and entered into the stream of commerce.

**15.**

As a direct and proximate result of the aforementioned defective and unreasonably dangerous condition, the Fan caused significant fire-related property damage.

**16.**

Broan is strictly liable for the damages suffered by Plaintiffs in an amount in excess of $50,000.00.

## COUNT FOUR: BREACH OF WARRANTY

**17.**

Plaintiffs reallege Paragraphs 1 through 16 above.

**18.**

Broan breached certain express and/or implied warranties covering the Fan, and as a direct and proximate result of said breach of warranties, Plaintiffs suffered damages in an amount in excess of $50,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendant Broan-Nutone LLC in an amount in excess of $50,000.00, together with interest thereon from the date of payment, costs and disbursements herein, and such other and further relief as the Court deems just and equitable.

YOST & BAILL, L.L.P.

Dated: December 6, 2021

By: s/David J. Yarosh
David J. Yarosh (#184123)
Benjamin C. Sorenson (#0391542)
Attorneys for Plaintiffs
Suite 2050
220 South Sixth Street
Minneapolis, MN 55402
(612) 338-6000
dyarosh@yostbaill.com
bsorenson@yostbaill.com

David J. Yarosh, attorney for the Plaintiffs in the above-captioned action, hereby acknowledges that costs, disbursements, witness fees and reasonable attorney fees may be awarded to the Defendant pursuant to Minn. Stat. § 549.211, subdivision 2.

s/David J. Yarosh